## TIME LIMITATION FOR BRINGING SUIT ON AN INSURANCE POLICY.

Common Pleas Court of Licking County.

CLARENCE STRADLEY, GUARDIAN, ETC., v. THE HARTFORD FIRE INSURANCE CO.

Decided, January Term, 1918.

*Fire Insurance—Validity of Time Limitation for Bringing Suit—Inexcusable Delay in Filing Action for an Imbecile.*

1. A provision in a policy of fire insurance, limiting the time for bringing suit to one year after the fire, is binding on the insured.
2. Where the property destroyed was owned by an imbecile, and a guardian was appointed immediately after the fire who filed proof of loss but upon rejection of the claim did nothing further until a year from the date of his appointment when suit was filed,

the incapacity of the owner of the property does not prevent the time limitation from taking effect and the petition will be dismissed.

*Phil. B. Smythe,* for plaintiff.
*Kibler & Kibler, J. W. Mooney* and *R. M. Edmond,* contra.

FULTON, J. (orally.)

This is an action brought upon a fire insurance policy, and the policy, or a copy of it, is attached to the petition. There is only one question raised, and that is as to whether or not this action was brought within time. The facts are as follows:

The fire occurred on the 17th day of March, 1914. Clarence Stradley was appointed guardian April 8, 1914—guardian of this old lady. The first proof of loss was made by him, as guardian, on the 11th day of April, 1914. A verified proof of loss, sworn to by him, was delivered to the company on April 17, 1914. It was rejected on April 22, 1914. He was notified that they would not pay the loss. Sarah C. Stradley died October 8, 1915. Those are the facts in the case. The insurance policy has this clause in it:

"No suit or action on this policy for the recovery of any claim will be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months after the fire."

All of the courts, as far as I have been able to find out, hold that such a clause in a policy is good. It is a contract made between the parties—the plaintiff and the defendant—and every case that I have examined holds that it is good; and there are a number of them in the briefs. This fire occurred on the 17th day of March, 1914, and the petition was not filed in this case until the 8th day of April, 1915—the original petition.

Now, the question is as to whether or not that petition was filed within time, and that is the only question in this case that is submitted to the court.

It is claimed by the plaintiff that because Sarah C. Stradley, at the time of the fire, was an imbecile, or a person of unsound mind, that the statute did not begin to run. That is the claim of the plaintiff, but we find that immediately after the fire she had a guardian appointed for herself, or someone was appointed guardian; I do not know that she had it done, but, Clarence Stradley was appointed guardian on April 8, 1914. The court can not understand why this guardian should have been appointed immediately after the fire, except for the purpose of taking care of her interest in this insurance policy. He proceeded from that time right along to get this matter in a condition which would require the company to pay the loss. I do not care who it was, or how capable they were to do business, they could not have done it any faster than it was done in this case. He was appointed guardian on April 8, 1914, and he took control of her business from that time on, and he proceeded immediately to notify the company of the loss. After that he prepared and made a proof of loss as required by the company and by the policy, and on the 22d of April, 1914, they notified him that they would not pay it. No action was begun upon the policy until the 8th of April, 1915. The only question is as to whether or not that is within a year after the fire, as required by this clause in the policy. The only excuse that is offered or given, or any reason that is offered for not beginning suit sooner is that she was an imbecile at the time; but under all the circumstances there is no excuse for suit not having been brought before, because the claim was rejected on the 22d of April, 1914, and from that time nothing was done at all about this policy until the 8th of April, 1915. This court holds that the clause is good, and that this action was not begun in time. The petition may be dismissed, and there may be exceptions.